


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA PLAINTIFF

V. CIVIL ACTION NO. 1:03cv526GR

A PARCEL OF REAL PROPERTY DESCRIBED AS LOT 61, AUDUBON ESTATES SUBDIVISION, PHASE II, PEARL RIVER COUNTY, MISSISSIPPI WITH ALL APPURTENANCES, IMPROVEMENTS, FURNISHINGS, AND FIXTURES THEREON AND ALL PROCEEDS THEREOF

TIME SHARE FOR UNIT NO. 0623, UNIT WEEK NO. 24 ANNUAL, PALACE VIEW BY SPINNAKER, TANEY COUNTY, MISSOURI

ONE (1) 2000 KIA SPORTAGE
VIN: KNDJB7235Y5658751

One (1) 1999 Bounder Motor Home
VIN: 3FCNF53S2XJA09905

DEFENDANT PROPERTY

**AGREED FINAL JUDGMENT AND**
**DEFAULT JUDGMENT OF FORFEITURE**

The United States of America (hereafter "Government") and Claimants Kimberly Easterling, Betty Easterling, and Austin Easterling, and Union Planters Bank, N.A. (hereafter Claimants"), by and with the consent of the undersigned counsel, have represented to the Court that this case has been settled, with the settlement stated as set forth below. The settlement includes the granting of a judgment in favor of the Government as to the 2000 Kia Sportage and in lieu of forfeiting the real property listed above, there is hereby forfeited to the United States of America (hereafter "the Government") the sum of $40,000.00 as substitute assets, which amount shall belong to and be property of the Government. To accomplish this settlement and

for the purpose of concluding this case, the Court makes the following findings:

1. The *in rem* Verified Complaint in this matter was filed on May 13, 2003 (Ct. R. Doc. #1), and an Amended Complaint was filed on July 1, 2003 (Ct. R. Doc. #5), and pursuant to order of this Court, the defendant property described above was arrested by the United States Marshal.

2. Following the filing of the Amended complaint, a copy of the Notice of Complaint for Forfeiture Action, with other pertinent documents, was served upon all possible Claimants (Ct. R. Doc. #36).

3. On January 13, 2004, publication of the Notice of Complaint for Forfeiture Action was duly completed in accordance with order of this Court (Ct. R. Doc. #15).

4. Essentially, the notice informed all persons or entities known and unknown that the defendant property had been arrested, that this forfeiture action was pending, that potential claimants had ten days from receipt of such notice to file their claims and twenty days after filing the claim to file their answers. Further, for guidance in the preparation of their claims and answers, the notice referred any such persons or entities to Rule C(6) of Supplemental Rules of Certain Admiralty and Maritime Claims, Title 28, United States Code.

5. Following receipt of the notice, Claimants, Kimberly Easterling, Betty Easterling, and Austin Easterling,

Harrison Finance Company, and Union Planters Bank, N.A., timely and properly filed claims and answers with this Court. No claim, answer, or other pleading has been filed by any other person or entity, nor has any other person or entity made an appearance herein. Therefore, as hereafter ordered, the Government is entitled to a default judgment of forfeiture against any and all persons or entities (except Claimants, Kimberly Easterling, Betty Easterling, and Austin Easterling, Harrison Finance Company, and Union Planters Bank, N.A.) having or claiming an interest in defendant property.

6. WHEREAS the following has occurred towards settlement in this case:

a. The Government has recognized Claimant Harrison Finance Company's interest in the 1999 Bounder Motor Home as evidenced by the Agreed Order Releasing Property From Forfeiture dated October 18, 2004 (Ct. R. Doc #24).

b. The Government has recognized Claimant Union Planters Bank's interest in the real property described above and located at 135 Audubon Place, Picayune, Mississippi as evidenced by the Stipulation to Recognize Claim of Union Planters Bank, N.A. filed on June 3, 2004 (Ct. R. Doc #22).

c. The Government has dismissed the Time Share described above from forfeiture as evidenced by the Order Dismissing Property From Forfeiture filed on March 28, 2005 (Ct. R. Doc #27).

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. The Government is hereby given a default judgment of forfeiture against the interests of any and all other persons or entities (except Claimants, Kimberly Easterling, Betty Easterling, and Austin Easterling, Harrison Finance Company, and Union Planters Bank, N.A.) having or claiming an interest in the remaining defendant property.

b. Title to the defendant property referred to in paragraph "a" above is hereby vested in the United States of America and any claims or interests therein of any persons or entities, including Claimants Kimberly Easterling, Betty Easterling, and Austin Easterling, Harrison Finance Company, and Union Planters Bank, N.A. (except as hereafter ordered), are hereby canceled.

c. In lieu of forfeiting the real property described above, there is hereby forfeited to the United States of America (hereafter "the Government") the sum of $40,000.00 as substitute assets, which amount shall belong to and be property of the Government. This amount shall be paid by certified or cashier's check made payable to the United States Marshals Service and shall be tendered to the United States Attorney, or his representative, who shall forthwith forward it to the United States Marshals Service for disposition in accordance with law, policy, and regulations; and

d. After receipt of the $40,000.00, the United States Attorney is directed to file and record a certified true copy of this judgment in the land records of Pearl River County, Mississippi and the ***Lis Pendens* Notice recorded in Book 8 on Pages 26-27, in Pearl River County, Mississippi is to be canceled.**

e. The 2000 Kia Sportage, VIN: KNDJB7235Y5658751 is referred to the custody of the United States Marshal for disposition in accordance with law and regulations.

7. This agreed judgment settles all issues in this case between the Government and Claimants; and it is agreed that this judgment constitutes a release and hold harmless agreement between the Government and Claimants, and it is ordered that the Government, its agents, representatives, and employees shall be and are hereby released from any liability, claims, demands, damages, suits and causes of action caused by or as a result of this forfeiture action, any claim or demands for attorney fees (including those, if any, authorized by the Equal Access to Justice Act, the Hyde Amendment, and any other law).

8. This judgment is intended to fully and finally conclude all issues and proceedings relating to Kimberly Easterling, Betty Easterling, and Austin Easterling, Harrison Finance Company, and Union Planters Bank, N.A. in this case and it is hereby closed for all purposes, subject to its being reopened for violation of the terms of this order.

9. This agreed order of forfeiture shall be null and void unless the certified or cashier's check made payable to the United States Marshals Service is submitted to the U.S. Attorney or his representative, within 30 days from the date of the entry of this order. If this order is deemed to be null and void then the Government shall be entitled to a forfeiture of the property listed above.

SO ORDERED AND ADJUDGED this 28th day of ~~August~~ September 2006.

UNITED STATES MAGISTRATE JUDGE

Approved and Agreed to:

UNITED STATES OF AMERICA

DUNN LAMPTON
United States Attorney for the
Southern District of Mississippi

By: ______________________ 9/25/06
JERRY L. RUSHING Dated
Assistant United States Attorney

______________________ 9-14-06
Kimberly Easterling Dated
Claimant

______________________ 9/11/06
Betty Easterling Dated
Claimant

______________________ 9/11/06
Austin Easterling, Dated
Claimant

______________________ ______
Albert Necaise, Esq. Dated
Attorney for Claimants

______________________ 8/18/06
Regions Bank Dated